Filed 10/6/21  P. v. Berry CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B303420 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA057902) |
| v. | |
| TRAVIS WAYNE BERRY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Larry Fidler, Judge.  Affirmed.

Laura Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Travis Wayne Berry (defendant) appeals from the denial of his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends that he made a prima facie showing of entitlement to relief under the statute, such that the trial court was required to issue an order to show cause (OSC) and hold an evidentiary hearing on the issue.  Defendant also contends that the trial court erred in relying on the record of conviction and special circumstance findings to find that he was ineligible for relief under the statute as a matter of law.  Finding no merit to defendant's contentions, we affirm the order.

## BACKGROUND

In 1993, a jury convicted defendant and codefendant Anthony Fitzpatrick of two counts of first degree murder (§ 187), one count each of second degree robbery (§ 211), and kidnapping (§ 207, subd. (a)).  As to each murder, the jury found true the kidnapping and robbery special circumstances alleged under section 190.2, former subdivision (a)(17)(i) and (ii), as well as the multiple-murder special circumstance alleged under section 190.2, subdivision (a)(3).  Defendant was sentenced to two terms of life imprisonment without the possibility of parole for the murders, and terms imposed for the robbery and the kidnapping were stayed pursuant to section 654.

The judgment was affirmed on appeal in *People v. Fitzpatrick* (Sept. 19, 1995, B079323) (nonpub. opn.), and the California Supreme Court denied review.  We summarize the

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

evidence as set forth in the opinion in that appeal.  In January 1992, defendant, Fitzpatrick and two others robbed two victims of marijuana and money at gunpoint at Fitzpatrick's home.  The victims were then forced into a car and driven to an avocado grove where Fitzpatrick shot and killed one of the victims, and a codefendant shot and killed the other victim.

In March 2019, defendant filed a petition for resentencing pursuant to section 1170.95.  Defendant checked nearly every box on the preprinted form, resulting in the following allegations: that defendant had been convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; that he could not now be convicted of murder because of changes to sections 188 and 189; that he was not the actual killer, did not with the intent to kill or aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; that he was not a major participant in the felony or act with reckless indifference to human life during the course of the crime or felony; and that the victim was not a peace officer in the performance of his or her duties.[2]  Defendant requested appointment of counsel.  Attached to defendant's section 1170.95

---

[2]    Defendant also checked the box for the following allegation: "There has been a prior determination by a court or jury that I was not a major participant and/or did not act with reckless indifference to human life under Penal Code § 190.2(d).  Therefore, I am entitled to be re-sentenced pursuant to § 1170.95(d)(2)."  There is no evidence or other indication in the record of any such prior determination.

3

petition is a petition for writ of habeas corpus dated March 11, 2019, a memorandum of points and authorities, and exhibits.[3]

Both petitions were served on the district attorney, who obtained an extension of time to file an informal response. Counsel was appointed for defendant. After both sides filed briefs the trial court scheduled a hearing, heard the argument of counsel, and took the matter under submission. On December 13, 2019, the trial court issued an order denying the section 1170.95 petition.[4] In its written order, the trial court ruled that the jury's true findings as to the three special circumstance allegations rendered defendant ineligible for section 1170.95 relief. The court found that the jury was instructed that in order to find a murder special circumstance to be true as to a nonkiller, it had to find the nonkiller acted with intent to kill. The trial court also found, based upon the statement of facts in the appellate opinion, that defendant "was indeed a major participant who acted with reckless indifference to human life."

---

[3] The disposition of the habeas petition does not appear in the appellate record. In a footnote of his opening brief, defendant states: "Although the court presided over a hearing on [defendant's] writ of habeas corpus . . . , the court did not indicate it denied the instant petition based on any findings made in that separate proceeding." Defendant cites page 4 of the reporter's transcript of the hearing on defendant's section 1170.95 petition, which reflects the trial court's statement that it had read and considered all the moving papers in this matter, and was "also extremely familiar with this case, having conducted a lengthy evidentiary hearing on the original habeas corpus."

[4] The order states that an OSC issued; defendant represents that it was not.

4

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

### I. Section 1170.95 procedure

Defendant contends that he made a prima facie showing of entitlement to relief under section 1170.95, such that the trial court was required to issue an OSC and hold an evidentiary hearing on the issue.

Section 1170.95 provides a procedure to obtain vacatur and resentencing if (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree or second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The statutory procedure requires that upon the filing of a facially sufficient petition, the trial court must appoint counsel, entertain briefing, and then determine whether a petitioner has made a prima facie case for relief under section 1170.95, subdivision (c). (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) If so, the trial court must issue an OSC and schedule a hearing at which the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for section 1170.95 relief. (§ 1170.95, subd. (d)(1) & (3).)

### II. Record of conviction

Defendant argues that the court should not have looked to the record of conviction to determine whether he had made a

prima facie showing, but should instead have determined the issue solely from the allegations of his section 1170.95 petition, and as they were facially sufficient, the court should have issued an OSC. We disagree.

In *Lewis, supra*, 11 Cal.5th 952, our Supreme Court held that if a defendant files a facially compliant petition and requests the appointment of counsel, the trial court must appoint counsel and entertain briefing regardless of whether the record of conviction unequivocally demonstrates that the defendant is not entitled to relief. (See *id.* at pp. 957, 962-963, 971-972.) However, after counsel has been appointed and both sides have filed briefs, the trial court and "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under [section 1170.95,] subdivision (c)." (*Id.* at pp. 957, 972.) Here, counsel was appointed and defendant was given the opportunity for briefing. The trial court thus did not err in reviewing the record of conviction.

## III.   Effect of special circumstances on eligibility

In finding the special circumstances true the jury necessarily found either that defendant was the actual killer or an aider and abettor who harbored an intent to kill, findings that would make defendant guilty of murder under the amended law. (See §§ 189, subd. (e)(3), 1170.95, subd. (a.).) Either finding makes defendant ineligible as a matter of law, and as we have previously held, the jury's factual findings may not be relitigated in a section 1170.95 proceeding, but must first be challenged by way of habeas corpus or other available collateral attack. (*People v. Nunez* (2020) 57 Cal.App.5th 78, 84-87 (*Nunez*), review granted

6

Jan. 13, 2021, S265918.) Thus the trial court did not err in denying the petition on this ground.

Defendant disagrees with *Nunez* and renews the argument made below that ineligibility under the statute was not established as a matter of law by true findings on the kidnapping and robbery special circumstance allegations because he was not a major participant who acted with reckless indifference to human life, the jury instructions were confusing, and the prosecution argument was misleading. The prosecutor argued at trial that the kidnapping and robbery special circumstances could be found true as to nonshooters without a finding of intent to kill if it was proven that the nonshooter was a major participant in the underlying felony and acted with a reckless disregard for human life. The robbery and kidnapping murder special circumstances require that a nonkiller defendant either have the intent to kill or be a major participant and act with reckless indifference to human life. (§ 190.2, subds. (c) & (d).) Defendant represents that the jury was not instructed with regard to reckless disregard, citing the prosecutor's statement to that effect in the section 1170.95 hearing.

Defendant relies on *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954, as authority for his contention that the special circumstances findings may be challenged in a section 1170.95 proceeding. We disagreed with *York* in *Nunez, supra*, 57 Cal.App.5th at page 93, review granted, but even if we agreed with it, *York* would be of no help to defendant. *York* held that a section 1170.95 petitioner could challenge a finding that he was a major participant who acted with reckless disregard for human life, if that finding was made before the California Supreme Court clarified the law on this

7

point in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. (*York, supra*, at pp. 258-263.) Here, in addition to the kidnapping and robbery special circumstances, the jury found true the multiple-murder special circumstance alleged under section 190.2, subdivision (a)(3). As applied to a defendant who was not the actual killer, the multiple-murder special circumstance requires that a defendant have the intent to kill. (§ 190.2, subd. (c).) The intent to kill was also required for nonkillers at the time of defendant's crimes. (See *People v. Wader* (1993) 5 Cal.4th 610, 638-639.) Defendant has not identified in *York* or other authority a holding that would permit challenging that finding in a section 1170.95 proceeding. Nor has defendant identified any change or clarification of that special circumstance since his conviction that might justify a challenge similar to the challenge permitted in *York*.

Defendant argues that the instructions and the prosecutor's argument on the special circumstances were erroneous, confusing and contradictory such that they could not establish as a matter of law that he was ineligible for section 1170.95 relief. He asserts that there is no need to relitigate the facts underlying the jury's special circumstances findings because this issue presents a pure question of law on undisputed facts in the record. We disagree. The instruction defendant finds confusing and erroneous was CALJIC No. 8.80.1. Defendant quotes the reporter's transcript that to find the special circumstances true as to a nonkiller, the jury must find that the defendant, with the intent to kill, aided and abetted "any *act or* in the commission of the murder of the first degree." (Italics added.) As written, CALJIC No. 8.80.1 instructs that to find the special circumstances true as to a nonkiller, the jury must find that the defendant, with the intent

8

to kill, aided and abetted "any *actor* in the commission of the murder in the first degree." (Italics added.) The written instruction was in the record of conviction.

Defendant's claim is not that CALJIC No. 8.80.1 is an erroneous statement of law but that it was read in such a way the jury could have misconstrued it, particularly in light of the prosecution argument. Defendant does not suggest how it can be determined as a matter of law that the court misspoke, and this was not a transcription error. Respondent observes that "[i]t is generally presumed that the jury was guided by the written instructions." (*People v. Davis* (1995) 10 Cal.4th 463, 542.)

Moreover, the prosecutor's argument regarding the multiple-murder special circumstance (§ 190.2, subd. (a)(3)) was correct and not misleading. She told the jury: "The non-shooter. We have to find that they have an intent to kill. That's on the multiple murder." Thus, even if we agreed that due to the prosecutor's argument regarding the kidnapping and robbery special circumstances those true findings cannot render defendant ineligible as a matter of law, the multiple-murder finding would remain a valid basis. Section 1170.95 provides for the dismissal of special allegations and resentencing only *after* the petition is granted and the murder conviction has been vacated. (See § 1170.95, subds. (c) & (d).) There is no provision in the statute for vacating one or more special circumstance allegations when the petitioner does not otherwise qualify for vacatur of the murder conviction.

We conclude that defendant's section 1170.95 was not the appropriate vehicle to challenge the special circumstance findings and that since the findings have not been vacated by means of habeas corpus or other collateral attack, they remain a bar to

9

defendant's entitlement to relief under section 1170.95.  Thus the trial court did not err in denying the petition.

## DISPOSITION

The order denying the section 1170.95 petition is affirmed.

_____

CHAVEZ, J.

I concur:

_____

LUI, P. J.

*People v. Berry*, B303420

ASHMANN-GERST, J., Concurring in the judgment.

I agree with the majority that the trial court properly denied defendant Travis Wayne Berry's petition for resentencing under Penal Code section 1170.95.[1]  In finding the special circumstances true, the jury necessarily found either that defendant was an aider and abettor who harbored an intent to kill or a major participant who acted with reckless indifference to human life, findings that would make him guilty of murder under the amended law.  (See §§ 189, subd. (e)(3), 1170.95, subd. (a).) Either finding makes defendant ineligible as a matter of law. (*People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449, 457; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14–17, review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141–1143, review granted Oct. 14, 2020, S264284; but see *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179–1180, review granted June 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, 93–94, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, 258– 263 (*York*), review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, 956–958, review granted Apr. 28, 2021, S267802; *People v. Secrease* (2021) 63 Cal.App.5th 231, 236, 247, review granted June 30, 2021, S268862.)

And, the jury's special circumstance findings are supported by substantial evidence through the prism of *People v. Banks*

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

(2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).  (*People v. Secrease, supra*, 63 Cal.App.5th at p. 255.)  In assessing whether substantial evidence supports a finding, we view the record in the light most favorable to that finding.  (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)  That evaluation leads to the conclusion that the jury's findings must stand—defendant was either a major participant who acted with reckless indifference to human life or an aider and abettor who harbored intent to kill.

As summarized in our prior opinion, defendant was an active participant in the crimes.  He was present at codefendant Anthony Fitzpatrick's (Fitzpatrick) house where the two victims were tied up, and codefendants had guns pointed at them.  He and Fitzpatrick later left the house only to return with handcuffs with which they secured the victims' hands behind their backs.  Thereafter, defendant drove the victims' car into the backyard, and defendant and his codefendants loaded the victims into the car.  A codefendant drove the victims to the avocado field, and defendant and others followed in a Volkswagen.  After the shootings, defendant and the others ran to the Volkswagen and drove away.  (*People v. Fitzpatrick* (Sept. 19, 1995, B079323 [nonpub. opn.], at pp. 2–4.)  This evidence overwhelmingly demonstrates, even under the heightened standard set forth in *Banks* and *Clark*, that defendant was either an aider and abettor who acted with intent to kill or a major participant in the crimes who acted with reckless indifference to human life.  Thus, relief under section 1170.95 is unavailable as a matter of law.

Pursuant to my concurring opinion in *People v. Nunez* (2020) 57 Cal.App.5th 78, 97–99, review granted January 13, 2021, S265918, I do not join in the majority's

conclusion that the jury's findings "must first be challenged by way of habeas corpus or other available collateral attack." (Maj. Opn., at p. 6.)

I also disagree with the majority's discussion of *York*, *supra*, 54 Cal.App.5th at page 250. Citing pages 258 through 263, the majority writes: "*York* held that a section 1170.95 petitioner could challenge a finding that he was a major participant who acted with reckless disregard for human life, if that finding was made before" *Banks* and *Clark*. (Maj. Opn., at p. 7.) I read *York* differently. I read *York* as holding that "section 1170.95 does not create a mechanism to challenge a special circumstance allegation." (*York*, *supra*, at p. 260.) Rather, a defendant who files a section 1170.95 petition is challenging his murder conviction, and "[t]he fact that the special circumstance finding will be vacated as a result of a successful challenge to the murder conviction does not mean the special circumstance itself was challenged in the section 1170.95 proceeding." (*York*, at p. 260.)


_____, J.
                ASHMANN-GERST

3